13-2725-cv
Dancause v. Mount Morris Central School District

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand fourteen.

PRESENT:
>           JOHN M. WALKER, Jr.,
>           GERARD E. LYNCH,
>           DENNY CHIN,
>                     *Circuit Judges.*

_____

GLORIA DANCAUSE,

>                     *Plaintiff-Appellant*,

>           v.                                                          13-2725-cv

MOUNT MORRIS CENTRAL SCHOOL
DISTRICT,

>                     *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**            Gloria Dancause, pro se, Stanley, NY

**FOR DEFENDANT-APPELLEE:**            Aimee LaFever Koch, Osborn, Reed &
                                        Burke, LLP, Rochester, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gloria Dancause ("Dancause") appeals from the decision and order of the district court dismissing her complaint against her former employer, Mount Morris Central School District ("Mount Morris"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dancause alleged that Mount Morris forced her to resign her position as an English as a Second Language ("ESL") teacher when she requested time off to obtain treatment for periodontal disease, a condition she alleged was disabling. Dancause argued that her forced resignation violated the Americans With Disabilities Act of 1990 (the "ADA"). The district court dismissed her complaint, holding that Dancause had failed to establish that she was otherwise qualified for her position as an ESL teacher because she lacked the necessary state certification. The district court also held that, as pled, Dancause's complaint failed to plausibly allege that her periodontal disease was sufficiently severe to qualify as a disability under the ADA.

As an initial matter, Mount Morris urges us to dismiss Dancause's appeal for lack of jurisdiction because the district court dismissed her complaint without prejudice. However, we have held that dismissal of a complaint without prejudice is a final order.

Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 448-49 (2d Cir. 1978). Therefore, the district court's dismissal is appealable, and we have jurisdiction.[1]

Turning to the merits, the district court properly held that Dancause failed to allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), because she did not sufficiently allege facts showing that she was disabled under the ADA. The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(1)(A), and provides a non-exhaustive list of major life activities, including "eating, sleeping, . . . concentrating, thinking, communicating, and working." Id. § 12102(2)(A). Dancause's complaint alleged that the flare-up of her periodontal disease caused "anxiety and infection" and prevented her from "adequately communicating, sleeping, eating, reading, thinking, concentrating and interacting with others." But short of reciting activities found in the statute that she could not "adequately" perform, Dancause did not allege any *facts* from which a court could plausibly infer that her periodontal disease substantially limited these major life activities. See Aschcroft v. Iqbal, 556 U.S. 662, 678

---

[1]Some language in the district court's decision suggested an assumption that Dancause would amend her complaint, and Mount Morris stated at oral argument that it understood the district court's decision as granting leave to replead. The picture is further complicated by the fact that the district court did not enter judgment in a separate document. In the absence of a separate document, however, judgment is deemed entered 150 days after the order from which the appeal lies is entered. Fed. R. Civ. P. 58(c)(2)(B). We repeat our suggestion from Elfenbein that "where the District Court makes a decision intended to be 'final' the better procedure is to set forth the decision in a separate document called a judgment," 590 F.2d at 449 (citation and internal quotation marks omitted), and, correspondingly, where the district court wishes instead to grant leave to amend, it must say as much. See id. at 449-50.

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].").[2] On appeal, Dancause presents a letter from a doctor stating that she suffered from disabling depression caused by her periodontal disease. We cannot consider this new evidence, however, because "[o]ur consideration, like the district court's, is limited to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken." Automated Salvage Transp., Inc. v. Wheelabrator Envtl. Sys., Inc., 155 F.3d 59, 67 (2d Cir. 1998). Accordingly, based on the facts pled in the complaint, we affirm the district court's dismissal of Dancause's ADA claim.[3]

We have considered Dancause's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]We note that while Dancause appeared pro se on appeal, she was represented by counsel in the district court. Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pleadings drafted by lawyers are held to more stringent standard than pro se pleadings).

[3]Because we agree with the district court that the complaint did not plausibly allege that Dancause was disabled under the ADA, we do not address the court's alternative holding that she was not otherwise qualified to teach.

4