20-1016-cv
Apotex Corp. v. Hospira Healthcare India Private Ltd.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty.

PRESENT:  ROSEMARY S. POOLER,
                    RAYMOND J. LOHIER, JR.,
                    WILLIAM J. NARDINI,
                              *Circuit Judges*.

------------------------------------------------------------------

APOTEX CORP., a Delaware corporation,

     *Plaintiff-Counter-Defendant-Appellant*,

     v.                                                   No. 20-1016-cv

HOSPIRA HEALTHCARE INDIA PRIVATE LIMITED, an Indian corporation, HOSPIRA, INC., a Delaware corporation,

     *Defendants-Counter-Claimants-Appellees*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:

JAMES W. MATTHEWS, Foley &
Lardner LLP, Boston, MA
(David B. Goroff, Foley &
Lardner LLP, Chicago, IL, *on
the brief*).

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLEES:

CHARLES L. MCCLOUD (Heidi
K. Hubbard, Ana C. Reyes,
Paul G. Ream, *on the brief*),
Williams & Connolly LLP,
Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Apotex Corp. appeals from orders of the United States District Court for the Southern District of New York (Furman, <u>J.</u>) dated July 12, 2019 and August 13, 2019, which became final through an order dated February 19, 2020,[1] and

---

[1] The District Court's February 19, 2020 order dismissing all remaining claims without prejudice and directing the clerk of court to close the case is a final decision that "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." <u>Hall v. Hall</u>, 138 S. Ct. 1118, 1123–24 (2018); <u>see</u> 28 U.S.C. § 1291 (providing appellate jurisdiction over "appeals from all final decisions of the district courts"). We note, however, that no judgment of the District Court was ever set forth in a separate document. Of course, in the absence of a separate document, judgment is

which dismissed Apotex's fraud, negligent misrepresentation, unfair competition, tortious interference, implied covenant, and unjust enrichment claims under New York law and limited the damages recoverable for Apotex's claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–213.   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

For substantially the reasons stated by the District Court in its thorough orders of July 12 and August 13, 2019, we conclude that Apotex's First Amended Complaint failed to state any claims under New York law independent of its breach of contract claim and that Apotex cannot recover lost profit damages for its claim under Florida law.

We have considered Apotex's remaining arguments and conclude that

deemed entered 150 days after the order from which the appeal lies is entered.   Fed. R. Civ. P. 58(c)(2)(B).   But we will repeat our strong suggestion that "where the District Court makes a decision intended to be 'final,' the better procedure is to set forth the decision in a separate document called a judgment."   Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 449 (2d Cir. 1978), abrogated on other grounds by Espinoza ex rel. JPMorgan Chase & Co. v. Dimon, 797 F.3d 229 (2d Cir. 2015); see Dancause v. Mount Morris Cent. Sch. Dist., 590 F. App'x 27, 28 & n.1 (2d Cir. 2014) (summary order).

they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.   Any pending motions are denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court